# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MATTHEW J. NORDBY,

      Plaintiff,

v.                                        **MEMORANDUM OF LAW & ORDER**
                                          Civil File No. 11-3584 (MJD/AJB)

SHANE COMPANY, INC.,
doing business as
Western Stone and Metal Corp.,

      Defendant.

Andrea F. Rubenstein and Lawrence P. Schaefer, Schaefer Law, LLC, Counsel for Plaintiff.

Daniel E. Friesen and Shannon M. Henderson, Friesen Lamb, LLP, and Jonathan P. Norrie, Bassford Remele, PA, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment. [Docket No. 13] The Court heard oral argument on April 12, 2013. Because Plaintiff was not an eligible employee under the Family and Medical Leave Act ("FMLA"), the Court grants summary judgment for Defendant.

1

## II. BACKGROUND

### A. Factual Background

Defendant Shane Co. is a Colorado company that operates 21 retail jewelry stores in 13 states, including two in Minnesota, in Minnetonka and Woodbury. (Cunningham Decl. ¶ 2.) As of June 29, 2010, Shane Co. employed 46 employees in Minnesota: 22 at the Minnetonka store and 24 at the Woodbury store. (Id.; Cunningham Decl., Ex. A; Henderson Decl., Exs. R-S; Henderson Decl., Ex. A, Nordby Dep. 152 (admitting that the Woodbury and Minnetonka stores were the only Shane Co. stores in Minnesota), 201-203 (testifying that he had no reason to think anyone worked in the Minnesota stores in June 2010 other than the 46 employees listed on the employee list and that he was not aware of anyone else that worked for Shane Co. in the Minneapolis area.) The next closest store to the Woodbury store is the Overland Park, Kansas, store which is more than 400 miles away. (Cunningham Decl. ¶ 2.)

Shane Co. avers that it maintains an FMLA policy because several of its retail markets have eligible employees under the FMLA – that is, at least 50 employees within a 75-mile radius. (Cunningham Decl. ¶ 3.) Shane Co. has permitted employees to take leaves of absence (either paid or unpaid, depending

on the circumstances), despite an employee's ineligibility for protected leave under the FMLA. (Id.)

Plaintiff Matthew Nordby was hired by Shane Co. in January 2003. (Nordby Decl. ¶ 2.) Nordby requested and was granted FMLA leave by Shane Co. on two different occasions. First, in 2008, he took two weeks off for the birth of his child. (Id. ¶ 4; Nordby Decl., Ex. A.) Second, in May 2009, he took leave to treat anxiety and depression. (Nordby Decl. ¶ 5; Nordby Decl., Ex. B.)

Starting in March 2010, Nordby was the Store Manager of the Woodbury, Minnesota store. (Nordby Decl. ¶ 8.) At that time, he began to suffer from chronic and severe stomach pains. (Id. ¶¶ 9-11.) Nordby avers that, on June 22, 2010, he told a supervisor that he might soon need to take FMLA leave due to the pain. (Nordby Decl. ¶ 14.) He further avers that, on June 23, 2010, he told his immediate supervisor that he would need intermittent FMLA leave. (Id. ¶ 15.)

On June 29, 2010, Defendant terminated Nordby's employment. (Henderson Decl., Ex. A, Nordby Dep. 152-156.)

**B.    Procedural History**

On November 22, 2011, Nordby served a Complaint against Shane Co., commencing an action in Washington County court. The Complaint alleges:

Count One: Interference with Exercise of Rights under the FMLA and Count Two: Retaliation in Violation of the FMLA. On December 12, 2011, Defendant removed the case to this Court based on federal question jurisdiction.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." Amini v. City of Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).

### B. FMLA

The FMLA provides "eligible employee[s]" up to 12 weeks of unpaid leave during any 12-month period if, among other things, they have a serious health

condition that makes them unable to perform the functions of their position. 29 U.S.C. § 2612(a)(1)(D).

> Two types of claim exist under the FMLA: (1) 'interference' or '(a)(1)' claims in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA and (2) 'retaliation' or '(a)(2)' claims in which the employee alleges that the employer discriminated against him for exercising his FMLA rights.

Stallings v. Hussmann Corp., 447 F.3d 1041, 1050 (8th Cir. 2006) (citing 29 U.S.C. § 2615(a)(1)-(2)). "The difference between the two claims is that the interference claim merely requires proof that the employer denied the employee his entitlements under the FMLA, while the retaliation claim requires proof of retaliatory intent." Id. at 1051. "Although in some circumstances, a given set of facts will fall clearly into either (a)(1) or (a)(2), it appears that the lines between the two categories are not hard and fast." Id. (citation omitted).

    C.    **Whether Nordby Was an "Eligible Employee"**

        1.    **Definition of an Eligible Employee**

"The first and foremost element in establishing a claim under the FMLA hinges on whether a plaintiff meets the definition of an 'eligible employee.'" Johnson v. Dollar General, 778 F. Supp. 2d 934, 944 (N.D. Iowa 2011) (citing

Bulmer v. Yellow Freight Sys., 213 F.3d 625, 2000 WL 637066, at *3 (2d Cir. 2000) (unpublished)). See also, e.g., Pagel v. TIN Inc., 695 F.3d 622, 631 (7th Cir. 2012) (noting that, for a plaintiff to succeed on an FMLA retaliation claim, he "must of course be entitled to FMLA benefits"); Staunch v. Cont'l Airlines, Inc., 511 F.3d 625, 629 (6th Cir. 2008) ("As an initial matter, a FMLA claim cannot be maintained by a plaintiff who was not an 'eligible employee'") (citation omitted).

An "eligible employee" is one who has been employed by the employer for at least twelve months and has worked at least 1,250 hours during the previous twelve-month period. 29 U.S.C. § 2611(2)(A). "The term 'eligible employee' does not include . . . any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." Id. § 2611(2)(B). "[A]n employee's worksite is ordinarily the location to which the employee reports." Podkovich v. Glazer's Distribs. of Iowa, Inc., 446 F. Supp. 2d 982, 1000 (N.D. Iowa 2006) (citing 29 C.F.R. § 825.111(a)). The 50/75 requirement is an element of the plaintiff's claim for relief, not a jurisdictional issue. Hackworth v. Progressive Cas. Ins. Co., 468 F.3d

722, 726 n.4 (10th Cir. 2006) (citing, e.g., <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500 (2006)).

## 2. Number of Employees Employed by Shane Co. Within 75 Miles of the Woodbury Store in June 2010

The evidence in the record establishes that, in June 2010, at the time Nordby allegedly requested FMLA leave and was fired, there were only 24 employees at Nordby's worksite in Woodbury, and there were only 46 employees within 75 miles of his worksite in Woodbury. In his deposition, Nordby testified that he had no reason to think that more than 46 employees worked in the Minnesota stores at that time and that he had no awareness of any other employees working in the Minneapolis area. (Nordby Dep. 152, 201-03.)

In Nordby's Declaration filed with his opposition to the motion for summary judgment, he now claims: "I do not believe . . . that it is accurate to say that I was not one of fifty or more employees in Minnesota." (Nordby Decl. ¶ 22.) The bases for his new opinion are that Defendant had provided FMLA leave in the past to Nordby and other employees; "employment numbers at Shane were quite fluid;" and "[e]mployees from other states came and went for training

or to fill in from time to time, and they were always to be counted in our complement." (Id.)

Nordby's speculation that addition employees visiting or filling in temporarily might have raised the employee count to 50 is insufficient to prevent summary judgment. Nordby fails to name a single additional employee who worked in Minnesota that could raise the number of employees higher than 46. He provides no concrete basis for his new belief that there were 50 or more employees within the 75-mile radius.

In his opposition brief, Nordby mentioned the concept of waiver as a path around the 50/75-employee requirement. See Murphy v. FedEx Nat'l LTL, Inc., 618 F.3d 893, 899-902 (8th Cir. 2010) (discussing use of waiver and equitable estoppel in FMLA context). In the past, Defendant had twice granted FMLA leave to Nordby and never informed him that he was not an eligible employee under the FMLA. However, at oral argument, Nordby disavowed a waiver or estoppel theory. Plaintiff's counsel explicitly stated that this case is "not a waiver case" and that waiver has never been Nordby's argument. Counsel reiterated that Nordby's sole argument on the 50/75 issue was that there was a fact question

regarding whether or not Defendant had 50 employees in Minnesota. At the summary judgment stage, it would be Plaintiff's burden to produce evidence to support a claim of waiver or estoppel. See, e.g., Murphy, 618 F.3d at 899; Dobrowski v. Jay Dee Contractors, Inc., 571 F.3d 551, 558 (6th Cir. 2009). Thus, Nordby's disavowal of such a theory precludes its application.

Because Plaintiff cannot show that he was an eligible employee under the FMLA, Defendant is entitled to summary judgment.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Defendant's Motion for Summary Judgment [Docket No. 13] is **GRANTED**.
>
> **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 26, 2013          s/ Michael J. Davis
                                Michael J. Davis
                                Chief Judge
                                United States District Court